[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ summons and complaint, dated April 25, 1994, the plaintiff, John Burness seeking a dissolution of his marriage from the defendant, Arlene Burness.
After a full trial, all parties present and represented by counsel, the court, based upon a preponderance of the credible, relevant and legally admissible evidence finds, determines and rules as follows:
The plaintiff and the defendant, whose maiden name was Arlene Fisher, intermarried April 16, 1966 at Branford, Connecticut.
Both parties, for at least twelve months next preceding the date of this complaint, have resided in the state.
There are no minor children, issue of the marriage. CT Page 5211
No governmental agency is contributing to the support of either party.
The marriage has broken down irretrievably.
The evidence elicited at trial indicates that neither party is more at fault than the other for the breakdown of the marriage. The marriage seems to have been marginal since its beginning. Both parties admitted that they constantly argued with each other. Therefore, both parties must bear the onus for the failure of this marriage.
The parties jointly own their marital home, which is currently being occupied by the plaintiff. Living with the plaintiff, at present, is an adult daughter and her fiance. The defendant has moved out of the marital home and is living with her other adult daughter.
The defendant, although she worked outside the home very little, has made major non-monetary contributions to the marriage by maintaining the household, handling the family finances and raising the parties two daughters.
The plaintiff has worked all during the marriage and deposited his pay check into a joint checking account which was administered by the defendant.
The parties have been married for 29 years.
At the present time the plaintiff is unemployed but has a marketable skill as a machinist The defendant is working as a house cleaner and earns approximately $180.00 per week.
The plaintiff was under a pendente lite order to pay all household bills including mortgage, insurance, taxes and to maintain the marital residence of which he had exclusive possession. He also was to pay the defendant, $50.00 per week as alimony. Prior to this trial, the plaintiff became unemployed and was relieved of his obligation to pay the household bills and his alimony obligation was reduced to $25.00 per week. At the time of the trial, the plaintiff was up to date on all of his payments.
Based on the mandates of General Statute 46b-81 and 46b-82
and guided by the criteria enunciated therein, the court makes the following distributions and awards. CT Page 5212
The jointly held marital home is to be sold and the net proceeds, as qualified below, shall be distributed 60% to the defendant and 40% to the plaintiff. When the marital residence is sold, the parties shall distribute the personal property between them. If they are unable to agree on certain items they shall return to the court for assistance.
Any arrearages in the payment of the mortgage, taxes and insurance shall be paid out of the plaintiffs share.
There shall be deducted from the plaintiffs share the amount of $1,500.00 towards her counsel fees.
The plaintiff shall pay to the defendant the amount of $100.00 per week as periodic alimony commencing June 2, 1995, and continuing until either parties death, the defendant's marriage or for a period of 12 years, which ever first occurs. Because the plaintiff is unemployed at present, until such time as he becomes employed, the weekly alimony shall accrue and any arrearages shall be deducted from his share of the net proceeds of the sale. After the sale, counsel for the plaintiff shall hold in escrow from said sale the sum of $5,000.00 from which he shall forward to the defendant the $100.00 weekly alimony payments. Such arrangement shall be instituted only if the plaintiff is unemployed at the time the property is sold and shall be discontinued when the plaintiff becomes employed and any escrow is to be turned over to the plaintiff.
The court recognizes that the plaintiff has depleted certain assets held at the time of the separation, but the court recognizes that such expenditures were made for the payment of mortgage, taxes and insurance which inured to the benefit of the defendant.
The premises shall be actively marketed and both parties shall fully cooperate and do all things necessary to complete the sale. Neither party shall withhold consent to any reasonable offer to buy.
Accordingly, judgment may enter dissolving the marriage and incorporating therein as orders of the court the awards and distribution indicated above.
SPALLONE STATE TRIAL REFEREE CT Page 5213
Judgment may enter in accordance with the Memorandum Of Decision
Jonathan W. Field, Deputy Chief Clerk
CT Page 5213